# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY THOMAS BRANTLEY,   No. CIV S-06-2723-DFL-CMK-P

    Petitioner,

  vs.   FINDINGS AND RECOMMENDATIONS

T. FELKER,

    Respondent.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss (Doc. 5) the petition as untimely.  Petitioner has filed an opposition and respondent has filed a reply.

## I. BACKGROUND

    Petitioner was convicted of first degree murder on April 28, 1998, and sentenced to life without the possibility of parole.  On September 22, 1999, the California Court of Appeal modified the judgment to reflect a conviction for second degree murder and remanded the case to the trial court for re-sentencing.  Ultimately, the case was reconsidered by the Court of Appeal

and, on December 6, 2000, the original judgment and sentence were affirmed. Petitioner did not seek further review following this decision.

        Petitioner filed five pro se state habeas petitions as follows:

1. Petition filed in Shasta County Superior Court on September 9, 2001[1]; denied on September 26, 2001;

2. Petition filed in Shasta County Superior Court on November 9, 2001; denied on November 27, 2001;

3. Petition filed in California Court of Appeal on December 31, 2001; denied on January 3, 2002;

4. Petition filed in the California Supreme Court on June 5, 2002; denied on November 13, 2002; and

5. Petition filed in the California Supreme Court on January 18, 2005; denied on January 4, 2006.

## II. DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the

---

[1] This date gives petition the benefit of the mailbox rule of Houston v. Lack, 487 U.S. 266 (1988).

1  U.S. Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where no
2  petition for review by the California Supreme Court is filed, the conviction becomes final 40
3  days following the Court of Appeal's decision, and the limitations period begins running the
4  following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the
5  Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the
6  state trial court, and the limitations period begins running the following day.

7  　　　　The limitations period is tolled, however, for the time a properly filed application
8  for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be
9  "properly filed," the application must be authorized by, and in compliance with, state law.  See
10 Artuz v. Bennett, 531 U.S. 4 (2000); see also Pace v. DiGuglielmo, 544 U.S. 408 (2005)
11 (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits
12 for filing a state post-conviction petition are filing conditions and the failure to comply with
13 those time limits precludes a finding that the state petition is properly filed).  A state court
14 application for post-conviction relief is "pending" during all the time the petitioner is attempting,
15 through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d
16 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-
17 conviction process is concluded.  See Lawrence v. Florida, ___ U.S. ___ (2007) (holding that
18 federal habeas petition is not tolled for time during which certiorari petition to the Supreme
19 Court was pending).  Where the petitioner unreasonably delays between state court applications,
20 however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).
21 If the state court does not explicitly deny a post-conviction application as untimely, the federal
22 court must independently determine whether there was undue delay.  See id. at 226-27.

23 　　　　There is no tolling for the interval of time between post-conviction applications
24 where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183
25 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no
26 tolling for the period between different sets of post-conviction applications.  See Biggs v.

3

1 Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct
2 review and the filing of a state post-conviction application does not toll the limitations period.
3 See Nino, 1983 F.3d at 1006-07.

4       In this case, petitioner filed an appeal with the California Court of Appeal, which
5 affirmed the judgment and conviction on December 6, 2000.  Petitioner did not seek review by
6 the California Supreme Court.  Therefore, the limitations period began to run the day after the
7 40-day period within which petitioner could have sought direct review in the California Supreme
8 Court, or on January 16, 2001.  Thus, petitioner's federal petition would have been due by
9 January 15, 2002, plus any appropriate statutory tolling for the time that petitioner's state habeas
10 petitions were pending.

11       As to tolling, petitioner filed his first state habeas petition on September 9, 2001 –
12 236 days into the one-year limitations period.  Respondent concedes that petitioner is entitled to
13 statutory tolling for the time (17 days) the first state habeas petition was pending.  Respondent
14 argues, however, and the court agrees, that petitioner is not entitled to tolling  for the period
15 between denial of the first state habeas petition and the filing of the second state habeas petition
16 because petitioner was not proceeding to the next level of the state court system.  Therefore,
17 petitioner consumed another 43 days of the one-year limitations period before filing his second
18 state habeas petition.

19       Respondent concedes that petitioner is entitled to statutory tolling for the time the
20 second state habeas petition was pending, as well as the time between the second and third
21 petitions, and the time the third petition was pending.  The court agrees with this analysis
22 because petitioner was moving up the state court hierarchy from the second to third petitions and
23 there was no delay between these petitions.

24       As to the fourth and fifth state habeas petitions, it is not necessary to address
25 respondent's arguments concerning whether these petitions were properly filed and whether
26 petitioner is entitled to statutory tolling for the interval between petitions and the time they were

pending in state court. Assuming that petitioner is entitled to tolling for these periods of time, the instant petition would still be untimely. As of the filing of the second state petition, 279 days of the one-year limitations period had elapsed, as discussed above. The fifth petition was denied on January 4, 2006. Giving petitioner the benefit of statutory tolling for all of the time between the filing of the second state petition and the denial of the fifth state petition, petitioner would have had another 86 days after the denial of the fifth petition on January 4, 2006, within which to file his federal petition. Petitioner, however, did not file the instant federal petition until December 2006 – far in excess of the 86 days remaining in the limitations period. Therefore, assuming that petitioner is entitled to the maximum amount of tolling arguably possible, the instant petition is untimely and must be dismissed.

While petitioner argues in his opposition that he is entitled to equitable tolling for various reasons, he does not specify the dates for such tolling. In particular, petitioner does not state how he diligently pursued his rights between January 2006 when his fifth state petition was denied and December 2006 when the instant federal petition was filed. As of January 2006, petitioner had nearly three months to prepare and file his federal petition but does not state why he was unable to do so until December 2006.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss (Doc. 5) be granted; and
2. Petitioner's petition for a writ of habeas corpus be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive

the right to appeal.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 24, 2007.

                                                    **CRAIG M. KELLISON**
                                                    UNITED STATES MAGISTRATE JUDGE